Irene C. Flanagan, Respondent, v. Travelers Insurance Company, Appellant.

Fourth Department, June 29, 1928.

*Miller & Hubbell* [*Arthur L. Evans* of counsel], for the appellant.

*McMahon & McMahon* [*Johnson D. McMahon* of counsel], for the respondent.

CROUCH, J. This action, under the allegations of the complaint, as clarified by the bill of particulars, is based upon the written contract set forth in a specific policy of insurance, and upon that contract alone. Neither waiver nor any other contract is pleaded. Under the terms of the contract sued on, a condition precedent to its taking effect was that the first premium should have been " actually paid " while the insured was in good health. The complaint in effect alleges that such payment was actually made. The answer denies that allegation. The agreed statement of facts upon which the case was tried below sets forth the circumstances of the alleged payment as follows: " That at the time the said application was made out on June 29, 1925, an agreement was entered into between the said J. Gordon Smith Co., Inc., the agent of the defendant, and the said John D. Flanagan, wherein and whereby the said agent agreed to credit the said John D. Flanagan with the amount of the premium for the said insurance, said amount to be deducted by the said John D. Flanagan from moneys to become due him from the said agent for work, labor and services to be performed by him for the said agent individually."

It appears that the insured on June 29, 1925, signed a written application for insurance by the defendant on his life, and delivered the application to the J. Gordon Smith Co., Inc., one of defendant's agents. The agent forwarded the application to the defendant. The application contained an agreement by the applicant " that the contract issued hereupon shall not take effect unless the first premium shall be actually paid while I am in good health; " and a further agreement " that no agent can make, alter or discharge any contract issued on this application or extend the time for payment of premiums on such contract, nor can such contract be varied or altered or its conditions waived or extended in any respect, except by the written agreement of the company signed by the president or one of the vice presidents or secretaries whose authority will not be delegated."

On July 7, 1925, the insured was injured in an automobile accident

and died on July 25, 1925. On August 6, 1925, the agent received from the defendant a policy of insurance on the life of the insured, bearing date August 4, 1925, to which was attached a copy of the application. The policy was delivered by the agent on the day of its receipt to the plaintiff, who was the beneficiary named therein.

The agency contract between the defendant and the J. Gordon Smith Company contains the following clause: " 6. The agent has no authority to make, alter, vary or discharge any contract or extend the time of payment of premiums; or to waive or extend any obligation or condition; or to take payment of premiums other than in current funds; or to incur any liability in behalf of the company; or to deliver any policies unless the applicant therefor is at the time in good health and insurable condition; or to receive any money due or to become due to the company, except on policies and receipts sent him for collection." Under the foregoing facts it seems clear that there can be no recovery on the policy. (*Drilling* v. *New York Life Ins. Co.*, 234 N. Y. 234.)

The learned court below, conceding this, nevertheless found as a conclusion of law, from the facts above stated, taken in connection with certain other circumstances, " that there was in existence at the time of the death of John D. Flanagan a valid contract of life insurance in the amount of $1,000 between him and the defendant."

The additional circumstances are that in May, 1925, Mr. Flanagan held a policy of life insurance in the defendant company. Under date of May 25, 1925, Mr. Flanagan received from the defendant a circular letter addressed " to our policy holders," in which it was said among other things: " During the month of June, 1925, we offer to you as a policy holder the unusual opportunity of applying for as much as $10,000 additional by using a special form of application, which in all but a few instances is sufficient to enable us to issue a policy without new medical examination. If your application should happen to be one of the few where an examination appears essential, you will be so informed upon receipt of the application at this office. * * * This is an opportunity to take one more step with a minimum of effort toward obtaining at a guaranteed low rate additional insurance."

If we understand the theory of the decision below, it is that the circular letter constituted an offer by the defendant; that the signing of the application was an acceptance of that offer; and that there resulted from those acts a contract, similar to that contained in the policy, which became operative upon the payment of the first premium in the manner above stated and upon the failure

of the defendant to exact a new medical examination following the receipt by it of the application.

We find ourselves unable to agree with the decision of the trial court for these reasons:

1. Because the contract upon which recovery has been permitted was not the contract sued on.

2. Because, the facts do not warrant a finding of the existence of the contract upon which recovery has been permitted.

We think it reasonably clear that the circular letter was merely an invitation to existing policyholders to take out additional insurance in the ordinary way, but under a special form of application. By its express language it was an offer of an " opportunity of applying for " additional insurance, and nothing more.

3. Because, even if there was any such offer and acceptance as the court below found, the contract did not become operative. The premium was not actually paid while the insured was in good health. If the agreement of the J. Gordon Smith Company was made in its individual, as distinguished from its agential capacity, the defendant was not bound. In that event the Smith Company was the agent of the insured, and not of the defendant. If, however, the agreement by the Smith Company was made as agent for the defendant, it was clearly beyond the scope of its authority, it was contrary to an express provision in the application to which the insured had assented and, so far as appears, there was no ratification by defendant. There is no evidence that the Smith Company ever paid the premium to defendant or ever acknowledged to defendant that it was obligated to pay it. Moreover, none of the work which insured had agreed to perform for the agent had been performed at the time of his death. The agreement does not state when the credit was to be given. The evidence does not show that it ever was given. Under these circumstances we are unable to say that the premium was actually paid while the insured was in good health.

The judgment should be reversed on the law, with costs, and judgment directed for defendant dismissing the complaint, with costs.

All concur. Present — HUBBS, P. J., SEARS, CROUCH, TAYLOR and SAWYER, JJ.

Judgment reversed on the law, with costs, and judgment directed in favor of the defendant dismissing the complaint, with costs.